# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv11-RJC

| | |
|---|---|
| ELENA M. DAVID, ARLEEN J. STACH, and VICTOR M. HERNANDEZ, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| J. STEELE ALPHIN; AMY WOODS BRINKLEY; EDWARD J. BROWN, III; CHARLES J. COOLEY; RICHARD M. DeMARTINI; BARBARA J. DESOER; JAMES H. HANCE; LIAM E. McGEE; EUGENE M. McQUADE; ALVARO G. de MOLINA; MICHAEL E. O'NEILL; OWEN G. SHELL, JR.; R. EUGENE TAYLOR; F. WILLIAM VANDIVER, JR.; BRADFORD H. WARNER; KENNETH D. LEWIS; & BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

**THIS MATTER** is before the Court on the Magistrate Judge's Memorandum and Recommendation ("M&R") (Doc. No. 98), Plaintiffs' Objection to the M&R (Doc. No. 100), and Defendants' Reply to Plaintiff's Objection to the M&R (Doc. No. 103). The Magistrate Judge recommended that the Defendants' partial motion to dismiss Plaintiffs' Second Amended Class Action Complaint be granted, that all claims asserted against the Pension Plan be dismissed with prejudice, and that all claims asserted against Bank of America Corporate Benefits Committee ("CBC") be dismissed.

## STANDARD OF REVIEW

A party may file specific, written objections to a magistrate judge's M&R within ten days after being served with a copy of the recommended disposition. 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b); United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (holding that "a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection"). A district judge must conduct a *de novo* review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1). If no objection is filed, the district judge reviews the M&R for clear error. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

In its review of a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs, Inc. v. Matakari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 1969. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

## FACTS

The Plaintiff did not make any specific objections to the findings of fact contained in the Magistrate Judge's M&R. After a careful review of the record in this case, the Court adopts the factual findings made by the Magistrate Judge on pages two through eight of the M&R filed on July 23, 2008, for purposes of this Order.

# DISCUSSION

I.        Motion to dismiss all claims involving the Pension Plan

Plaintiffs asserting claims under ERISA must satisfy not only the statutory standing requirements of ERISA § 502(a), but also Article III standing requirements. See In re Mutual Funds Inc. Litig., 529 F.3d 207, 216 (4th Cir. 2008) (having concluded that the plaintiffs had statutory standing to bring their ERISA claims, the Fourth Circuit also reviewed whether the plaintiffs had constitutional standing). "Article III standing is a fundamental, jurisdictional requirement that defines and limits a court's power to resolve cases or controversies." Id. "[T]he irreducible constitutional minimum of standing" consists of injury-in-fact, causation, and redressability. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The Magistrate Judge concluded that the Plaintiffs could not satisfy the threshold requirement of redressability as to their claims against the Pension Plan because the Plaintiffs have never alleged that they were denied their benefits or that their future benefits were in jeopardy. (Doc. No. 98 at 14-15). The Plaintiffs object to the Magistrate Judge's conclusion and assert that under Sprint Communications Co. v. APCC Services, Inc., 128 S. Ct. 2531 (2008), the plaintiffs are not required to have suffered a personal injury to have standing. They assert that the Defendants' conduct of paying excessive fees increases the risk that Plaintiffs' retirement benefits will not be paid.

This Court finds that Sprint does not apply to the Plaintiffs' ERISA claims. Sprint addressed the question of whether assignees for collection had standing to assert legal claims on behalf of assignors who would be remitted all the proceeds of the litigation. Having considered a lengthy and comprehensive historical review of precedent involving cases brought by assignees, the Supreme Court concluded that the assignees had standing to bring suit on behalf of the assignors because the contractual assignment provided assignees with a property right where "a legal victory would

unquestionably redress the *injuries* for which the [assignees brought] suit." Id. at 2542. Thus, the Court concluded that the assignees had constitutional standing to bring the claim on behalf of the assignors. The Plaintiffs in this case are not assignees standing on behalf of an assignor who has contractually assigned his rights. Sprint has no relevance to the Plaintiffs' claims on behalf of the Pension Plan and does not confer constitutional standing.

The Court also finds that the Plaintiffs' reliance on Gollust v. Mendell, 501 U.S. 115 (1991), is misplaced. Plaintiffs assert that Gollust established that "the invasion of a statutorily created right couple with an 'attenuated' financial stake in the outcome of litigation was sufficient to support standing where Congress had explicitly conferred standing to sue." (Doc. No. 100 at 19). Gollust involved whether shareholders and bondholders of a company retained constitutional standing to assert claims under Section 16(b) of the Securities Exchange Act following a merger with another corporate entity. Gollust has no application to constitutional standing for beneficiaries of an overfunded ERISA defined benefit plan.

In this case, the Plaintiffs are bringing suit on behalf of an ERISA defined benefit plan alleging that the Pension Plan incurred losses as the result of the Plan paying purportedly excessive or improper fees. Plaintiffs do not explain how such improper or excessive fees have any effect on their Pension Plan benefits or how any recovery by the Pension Plan would result in greater benefits. "A defined benefit plan . . . consists of a general pool of assets rather than individual dedicated accounts. Such a plan, as its name implies, is one where the employee, upon retirement, is entitled to a fixed periodic payment." Hughes Aircraft Co. v. Jacobson, 525 U.S. 432, 439 (1999) (internal quotation marks omitted). Any risk to the benefits promised by the defined benefit plan are born by the employer, and "members [of the defined benefit plan] have a nonforfeitable right only to their 'accrued benefit,' so that a plan's actual investment experience does not affect their statutory

entitlement." Id. at 440. The purportedly improper and excessive fees did not harm Plaintiffs' interests in or benefits under the Pension Plan. The loss, if any, to the Pension Plan is only a loss to the Pension Plan's sponsor, the Defendants. Because the Plaintiffs fail to establish that they suffered the constitutionally required injury-in-fact, Plaintiffs may not bring an action as individuals or representatives of the Pension Plan. See Glanton v. AdvancePCS, Inc., 465 F.3d 1123, 1125 (9th Cir. 2006) (discussing a representational theory of Article III standing, the Ninth Circuit concluded that unlike qui tam actions, "there is no similar tradition of unharmed ERISA beneficiaries bringing suit on behalf of their plans").

Further, any recovery by the Plaintiffs would have absolutely no effect on the Plaintiffs' entitlement to benefits. The only circumstance in which the Plaintiffs would receive greater benefits would be if the Defendants, as plan sponsor, amended the Pension Plan to provide additional benefits. Thus, even if the Plaintiffs prevailed on their claims, they would not receive any personal benefit. The Plaintiffs have failed to show that they have suffered an injury that is likely to be redressed by a favorable outcome in this case. The Plaintiffs, therefore, lack Article III standing to assert claims as to the Pension Plan. This Court will grant the Defendants' Motion to Dismiss all claims asserted against or on behalf of the Pension Plan with prejudice.

II. Motion to dismiss as to all claims asserted against the Bank of America Corporation Corporate Benefits Committee ("CBC")

The Plaintiffs did not object to the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss all claims asserted against the CBC be granted and that the CBC be dismissed from this lawsuit. This Court reviewed the M&R for clear error and adopts the Magistrate Judge's Recommendation.

**CONCLUSION**

**IT IS, THEREFORE, ORDERED** that the Defendants' Partial Motion to Dismiss the Plaintiffs' Second Amended Class Action Complaint (Doc. No. 84) is **GRANTED**, and

(1) that all claims asserted against or on behalf of the Pension Plan be **DISMISSED** with prejudice; and

(2) that all claims asserted against defendant Bank of America Corporation Corporate Benefits Committee be **DISMISSED** with prejudice, and that such defendant be **DISMISSED** from this action.

**SO ORDERED**.

Signed: December 15, 2008

Robert J. Conrad, Jr.
Chief United States District Judge