UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No.: 3:07-cv-00011 (RJC-DLH)

Elena M. David, Arleen J. Stach, )
Victor M. Hernandez )
)
    Plaintiffs, )
               v. )
)
J. Steele Alphin, *et al.*, )
)
    Defendants. )

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AS TO ISSUES OF MARKET TIMING INVOLVING BANK OF AMERICA AND ITS AFFILIATED MUTUAL FUNDS**

## I.    INTRODUCTION

Defendants have moved for a stay of discovery as to issues of "market timing involving the Nations Funds" pending a court ruling on a purported settlement in multidistrict litigation in the United States District Court for the District of Maryland (the "Maryland Litigation"). Defendants proffer two reasons for this stay: (i) allowing discovery on this topic would be unduly burdensome at this time; and (ii) if the court approves the proposed settlement of the Maryland Litigation, a court might possibly interpret the release language in a way that would make it unnecessary for Plaintiffs to inquire into market timing issues.

Defendants' proffered reasons fail to satisfy their burden of demonstrating good cause for a motion to limit discovery. Their claim of undue burden is supported by nothing but conclusory and unsupported statements of "tremendous burden". It has been almost two years since Plaintiffs filed their Second Amended Complaint with market timing allegations, ("SAC", Dkt. No. 83, filed July 31, 2007). At any point during that period, Defendants could have, but have

not, sought to join this case as a "tag along" action in the Maryland Litigation to permit coordinated discovery. Moreover, Defendants have made no effort whatsoever to explore ways to lessen the purported burden. It may be, for example, that Plaintiffs' document requests would be satisfied by documents already assembled and produced in the Maryland Litigation and/or in response to government inquiries.

Their second reason is purely speculative. The settlement to which Defendants allude has not yet even been made public, has not been submitted to the Maryland court for approval, and has not yet been interpreted by any court. Furthermore, one of the parties in the Maryland Litigation has filed a sworn statement opining that court approval of the proposed settlement would have *no* effect on the litigation in this case.

## II. STANDARD FOR DECIDING MOTION

A motion seeking a stay of discovery is a form of motion for protective order under Fed. R. Civ. P. 26(c). *See* Fed. R. Civ. P. 26(c)(1)(B) (listing among the protective orders a court may grant an order "specifying terms, including time and place, for the disclosure or discovery"). "The party seeking the protective order ... bears the burden of showing good cause for the protective order by a specific demonstration of facts in support of that request." *U.S. v. Duke Energy Corp.*, 208 F.R.D. 553, 555 (M.D.N.C. 2002). Simply offering "conclusory or speculative statements about the need for a protective order and the harm which would be suffered without one" is insufficient. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991). Instead, "such demonstrations are preferably made by affidavits from knowledgeable persons". *Id.*

### III. ARGUMENT

#### A. Plaintiffs Have Not Asserted Market Timing Claims, But Have a Legitimate Need for Market Timing Discovery Because It Is Relevant to One of Defendants' Affirmative Defenses

Defendants concede, as they must, that Plaintiffs have not asserted claims in this case for losses resulting from mutual fund market timing or late trading. (Defs' Brf. at 8 n. 5 ("the core claims and issues in this case are entirely unrelated to market timing")). Plaintiffs require information regarding market timing and late trading, not to directly support their claims, but because Defendants have both (i) asserted an affirmative defense to which market timing and late trading are relevant and (ii) denied that late trading and market timing occurred, (Answer ¶¶56-57).

Plaintiffs allege that Defendants engaged in prohibited transactions in violation of ERISA, 29 U.S.C. §1106, by causing the Plan to invest in mutual funds offered by Bank of America affiliates. (SAC ¶¶75-79). Defendants' assert in their Answer as Affirmative Defense Number 5 that "Plaintiffs' claims for liability for prohibited transactions are barred in whole or in part by ERISA § 408 [29 U.S.C. § 1108], and the exemptions granted by the Secretary of Labor pursuant to the authority granted under ERISA § 408(a)." No doubt, Defendants are alluding to the Department of Labor's Prohibited Transaction Exemption 77-3, 42 Fed. Reg. 18734 (Apr. 8, 1977), which was issued under the authority granted in ERISA, 29 U.S.C. §1108(a). Briefly, this Exemption exempts a plan's investment in mutual funds offered by the plan sponsor or its affiliates from most of the restrictions of §1106, provided that certain conditions are met. One of these conditions is that "dealings between the plan and investment company, investment advisor or principal underwriter for the investment company, or any affiliated person of such investment advisor or principal underwriter, are on a basis no less

3

favorable to the plan than such dealings are with other shareholders of the investment company." *Id.* at 18735.

The burden is, of course, on Defendants to prove the elements of their affirmative defense. *Taylor v. Sturgell,* __ U.S. __, 128 S. Ct. 2161, 2179-80 (2008). To successfully deploy it, they need to prove that the Plan was treated no less favorably than other investors. If Plaintiffs can prove the market timing allegations in paragraphs 56-57 of the SAC, they will have demonstrated that this condition is not satisfied, thereby preventing Defendants from meeting their burden of proving the elements of their affirmative defense. Hence, market timing discovery is directly relevant to determining the applicability of Affirmative Defense Number 5 and should be allowed to proceed.

**B.    Defendants Have Not Met Their Burden of Showing Good Cause for Grant of a Protective Order**

**1.    Defendants' Assertion of Burden is Conclusory**

Defendants assert in their brief that "Plaintiffs' single [document] request would impose a tremendous burden on Defendants, requiring the Bank to cull vast amounts of documents from departments and affiliates of the Bank that had no involvement in ERISA fiduciary functions challenged in this case." (Defs' Brf. at 9). Defendants provide no evidentiary support or affidavit to support this conclusory statement, however, and it is plainly insufficient to establish undue burden as a matter of law. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991) ("conclusory ... statements" are insufficient to support a motion for protective order).

Furthermore, Defendants have failed to explore any of numerous possible steps to ease their burden. For example, they could have offered to produce those documents already produced in the mutual funds litigation or produced in response to requests from government investigators. Alternatively, they could have offered to produce a narrow range of documents, or

4

stipulated to the fact that market timing occurred. Instead, they stated *ab initio*, in their initial response to Plaintiffs' request, that they "intend to seek a stay of discovery on the issue of market timing." (Barrett Decl., Dkt. No. 128, Ex. 4 at 25).

Defendants also attempt to make much of the fact that multidistrict litigation was initiated in part to avoid duplicative discovery on this issue, and they claim that permitting discovery here would "undermine[]" the intent of the multidistrict litigation. (Defs' Brf. at 9). But permitting discovery here will not interfere in any way with the multidistrict litigation since that litigation will continue unimpeded regardless of the disposition of Defendants' motion. Moreover, multidistrict litigation practice itself contains the means of ensuring that its purpose is fulfilled. That means is to seek incorporation of related suits as "tag-along actions" in the multidistrict litigation itself. *See* J.P.M.L. Rules of Proc. 7.4-7.5. Yet Defendants have made no attempt to include this suit in the multidistrict litigation — despite the fact that almost two years have passed since Plaintiffs added allegations related to market timing in the SAC.[1]

Defendants cannot have it both ways. They cannot seek to prevent discovery into market timing issues in this action on the grounds that it is duplicative, while also preventing Plaintiffs from having access to the discovery in the Maryland Litigation. Plaintiffs are entitled to timely discovery to address the affirmative defense that Defendants themselves have raised in this suit. Nor can Defendants invoke an affirmative defense and then refuse the discovery on one of the key elements of that defense, as described above.

---

[1] Defendants' June 15, 2009 letter to the clerk of the Judicial Panel on Multidistrict Litigation informing him of the existence of this action pursuant to J.P.M.L. Rule of Proc. 7.5(e) is both insufficient and untimely. It is insufficient because it expressly declines to request that this case be included as a tag along action. It is untimely because that rule requires that the clerk be "promptly" notified of potential tag-along actions, not informed almost two years after they have been filed.

5

### 2. **Defendants' Contention that a Settlement of the Maryland Mutual Fund Litigation Will Make the Requested Discovery Unnecessary is Entirely Speculative**

Defendants, despite admitting, as discussed above, that Plaintiffs have not asserted market timing claims in this case, also contend that the possibility of a settlement of the Maryland Litigation makes it likely that market timing discovery will be "inconsequential to [Plaintiffs'] claims" because that discovery is only "relevant to theories that Plaintiffs will, in all likelihood, be foreclosed from asserting within a few short months." (Defs' Brf. at 10). Defendants provide absolutely no support for this speculative claim. They do not even bother to quote the terms of the proposed settlement and release, let alone explain how those documents would prevent Plaintiffs from asserting theories opposing Defendants' affirmative defense. It is settled that such speculative assertions are insufficient to support a motion for protective order. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991) ("speculative statements" are insufficient to support a motion for protective order).

Furthermore, Plaintiffs have moved to intervene in the Maryland Litigation in order to ensure that their ability to prosecute the instant action is not hindered. Plaintiffs in that litigation submitted a "Declaration of Samuel K. Rosen", which is attached as Exhibit A to the Declaration of James A. Moore, filed herewith. Mr. Rosen is counsel for the plaintiffs in one of the suits litigated in the Maryland Litigation. Mr. Rosen states, under oath, in his declaration that "it does not appear that the release language in the settlement stipulation in this action can in any way be used legitimately as a defense to the North Carolina action." *Id.* ¶ 5. Of course, Mr. Rosen's sworn statement is in direct opposition to Defendants' contention in this case that the settlement would "in all likelihood" prevent Plaintiffs from asserting certain theories in this case.

6

Enumerating the contingencies that would all have to be decided in Defendants' favor in order for the settlement to render the requested discovery unnecessary is revealing of the speculative nature of Defendants' claims:

> 1. The current proposed settlement would have to be submitted for preliminary approval to the Maryland court (the terms of the settlement have not yet been made public).
>
> 2. The Maryland court would have to preliminarily approve the settlement.
>
> 3. The Maryland court would have to give final approval to the settlement despite the objections of Plaintiffs in the instant litigation (and possibly the objections of other class members) to the release language.
>
> 4. This Court would have to agree with Defendants both that (i) the release in the Maryland litigation could be enforced with respect to Plaintiffs' claims in this litigation, and (ii) whatever release language was in the final settlement agreement could be reasonably interpreted as preventing Plaintiffs from contesting Defendants' affirmative defense.

Tellingly, Defendants have not provided to the Court a copy of the proposed settlement upon which their motion to stay relies. In effect, they ask this Court to interpret and enforce a document that it has never seen, that no court has reviewed or approved, and that may not see the light of day for months — if ever.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that Defendants' motion be denied.

7

July 6, 2009                                              Respectfully Submitted,


                                                  By /s/James A. Moore

                                                  J. Brian McTigue (*Pro hac vice*)
                                                  Bryan T. Veis (*Pro hac vice*)
                                                  James A. Moore (*Pro hac vice*)
                                                  **MCTIGUE & VEIS LLP**
                                                  4530 Wisconsin Avenue, NW
                                                  Suite 300
                                                  Washington, DC  20016
                                                  Tel:  (202) 364-6900
                                                  Fax: (202) 364-9960
                                                  bmctigue@mctiguelaw.com
                                                  bveis@mctiguelaw.com
                                                  jmoore@mctiguelaw.com


                                                  Gregory Yann Porter (*Pro hac vice*)
                                                  **BAILEY & GLASSER LLP**
                                                  601 Pennsylvania Ave., NW
                                                  Suite 900, South Building
                                                  Washington, DC 20004
                                                  Tel: (202) 543-0226
                                                  Fax:  (202) 434-8252
                                                  GPorter@baileyglasser.com


                                                  Robert M. Elliot (Bar#7709)
                                                  **ELLIOT PISHKO MORGAN P.A.**
                                                  426 Old Salem Road
                                                  Winston-Salem, North Carolina 27101
                                                  Tel:  (336) 724-2828
                                                  Fax:  (336) 724-3335
                                                  rmelliot@epmlaw.com

                                                  *Attorneys for Plaintiffs Elena M.*
                                                  *David, Arleen J. Stach, and Victor M.*
                                                  *Hernandez*

## CERTIFICATE OF SERVICE

I, Sara Gilbertie, hereby certify that on the date set forth below a copy of the foregoing **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AS TO ISSUES OF MARKET TIMING INVOLVING BANK OF AMERICA AND ITS AFFILIATED MUTUAL FUNDS** was electronically filed with the Court and served via the Court's CM/ECF notification system upon the following:

| | |
|---|---|
| Irving M. Brenner<br>Helms, Mulliss & Wicker, PLLC<br>201 North Tryon St.<br>Charlotte, NC 28202<br>704-343-2075<br>Fax: 704-343-2300<br>Email: irving.brenner@hmw.com<br><br>William Bertain<br>1310 Sixth St.<br>Eureka, CA 95501<br><br>Arthur W.S. Duff<br>O'Melveny & Myers LLP<br>1625 Eye St., NW<br>Washington, DC 20006-4001<br>202-383-5300<br>Fax: 202-383-5414<br><br>Carmen Ramirez<br>O'Melveny & Myers LLP<br>1625 Eye St., NW<br>Washington, DC 20006-4001<br>202-383-5300<br>Fax: 202-383-5414<br><br>Gary S. Tell<br>O'Melveny & Myers LLP<br>1625 Eye St. NW<br>Washington, DC 20006<br>202-383-5300<br>Fax: 202-383-5414 | Robert M. Elliot<br>Elliot Pishko Morgan, P.A.<br>426 Old Salem Road<br>Winston-Salem, NC 27101<br>336-724-2828<br>Fax: 336-714-4499<br>Email: rmelliot@epmlaw.com<br><br>Shannon Barrett<br>O'Melveny & Myers LLP<br>1625 Eye St, NW<br>Washington, DC 20006-4001<br>202-383-5300<br>Fax: 202-383-5414<br><br>Robert N. Eccles<br>O'Melveny & Myers LLP<br>1625 Eye St. NW<br>Washington, DC 20006<br>202-383-5300<br>Fax: 202-383-5414<br><br>Matthew David Powers<br>O'Melveny & Myers LLP<br>275 Battery St., Ste. 2600<br>San Francisco, CA 94111<br>415-984-8700 |

Dated: July 6, 2009

/S/ Sara E. Gilbertie
Sara E. Gilbertie
McTigue & Veis LLP