UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07-cv-11-RJC-DLH

| | |
|---|---|
| ELENA M. DAVID, ARLEEN J. STACH, and VICTOR M. HERNANDEZ,<br>    Plaintiffs,<br><br>v.<br><br>J. STEELE ALPHIN, *et al.*,<br>    Defendants. | ORDER |

**THIS MATTER** is before the Court upon Plaintiffs' motion for entry of final judgment or, in the alternative, motion for certification for interlocutory appeal (Doc. No. 114), Defendants' response (Doc. No. 120), and Plaintiffs' reply (Doc. No. 126). For the following reasons, the Court **DENIES** Plaintiffs' motion for entry of final judgment and **DENIES** Plaintiffs' motion for certification for interlocutory appeal.

**I.  BACKGROUND**

Plaintiffs are participants in the Bank of America 401(k) Plan (the "401(k) Plan") and the Bank of America Pension Plan (the "Pension Plan") (collectively the "Plans"). Plaintiffs brought suit on behalf of the Plans under the Employee Retirement Income Security Act ("ERISA") for purported losses to the Plans stemming from Defendants' alleged breach of their fiduciary duties.[1]

On August 14, 2007, Defendants filed a partial motion to dismiss, arguing that Plaintiffs'

---

[1] Claims filed on behalf of the Pension Plan are referred to as "Pension Plan claims." Claims filed on behalf of the 401(k) Plan are referred to as "401(k) Plan claims."

1

Pension Plan claims should be dismissed for lack of Article III standing. (Doc. No. 84). The Court adopted the Memorandum and Recommendation ("M&R") of the Magistrate Judge and granted Defendants' motion to dismiss. (Doc. No. 104). The Court held that Plaintiffs lacked Article III standing because they have not suffered any injuries with respect to the Pension Plan that are likely to be redressed by the litigation. The Court dismissed with prejudice all claims against or on behalf of the Pension Plan. On February 24, 2009, Plaintiffs filed a motion for entry of judgment pursuant to Rule 54(b) as to the Pension Plan claims. (Doc. No. 114). In the alternative, Plaintiffs move for certification for interlocutory appeal under 28 U.S.C. § 1292(b). (Id.).

## II. MOTION FOR ENTRY OF FINAL JUDGMENT - RULE 54(b)

Plaintiffs initially move for an entry of judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure. Rule 54(b) provides, "When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The purpose of a Rule 54(b) entry of a final judgment is "to prevent piecemeal appeals when multiple claims are resolved in the course of a single lawsuit" and "to provide relief to litigants that would suffer undue hardship if final judgment is not entered on the adjudicated claim prior to the resolution of the unadjudicated claims." Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). Because of the importance of preventing piecemeal appeals, a Rule 54(b) entry of a final judgment is recognized as the exception rather than the norm, and is disfavored in the Fourth Circuit. Bell Microproducts, Inc. v. Global-Insync, Inc., 20 F. Supp. 2d 938, 942 (E.D. Va.

1998).

The Court's determination of whether to enter final judgment involves two steps. Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980). First, the Court must determine whether the judgment is final with respect to the relevant claims or parties. Id. at 7. Second, the Court must determine whether there is any "just reason for delay" in entering a judgment. Id. at 8. In this step, the Court should consider "judicial administrative interests as well as the equities involved." Id. The burden to persuade the Court that entry of final judgment is appropriate rests with the moving party. Braswell, 1 F.3d at 1335. Only the latter step is in dispute here.

Rule 54(b) certification of appealability is for the rare case where no just reason for delay in entering a judgment exists. Curtiss-Wright, 466 U.S. at 8. The Fourth Circuit has listed several factors the Court should consider, if applicable, when determining whether there is just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

Braswell, 2 F.3d at 1335-36.

While none of the factors are dispositive, the closely related nature of the Pension Plan and 401(k) Plan claims, as well as other considerations of judicial efficiency, warrant denial of plaintiff's Rule 54(b) request. These factors will be analyzed in depth.

3

Relationship between adjudicated and unadjudicated claims

Rule 54(b) certification is disfavored when "the adjudicated and unadjudicated claims share significant similarities, such as involving the same parties, the same legal issues, or the same evidence . . . ." Ortho-McNeil Pharm., Inc. v. Kali Labs., Inc., No. 02-5707, 2007 U.S. Dist. LEXIS 44996, at *9 (D.N.J. June 21, 2007); see Braswell, 2 F.3d at 1336 ("[T]he fact the parties on appeal remain contestants below militates against the use of Rule 54(b)."); Automated Data Sys., Inc. v. Omrom Bus. Sys., Inc., 760 F. Supp. 541, 544 (W.D.N.C. 1991) (comparing the factual backgrounds and proposed evidence for the adjudicated and unadjudicated claims).

Defendants act as fiduciaries for both the Pension Plan and the 401(k) Plan. The claims filed on behalf of the Pension Plan arise from the same legal issues as the pending claims: whether Defendants violated ERISA by investing Plan assets in funds offered by Bank of America. The Pension Plan and 401(k) Plan claims appear to involve related documentary evidence and potentially the same expert witnesses regarding the reasonableness of fees paid by the plans in connection with Defendants' investment decisions as fiduciaries. Lowery v. Fed. Express Corp., 426 F.3d 817, 823 (6th Cir. 2005) ("The greater the overlap in the factual basis between the adjudicated and unadjudicated claims, the greater the possibility that this court will have to revisit the same facts under a different theory in a second appeal."). Although the Article III standing issue arises solely with respect to the Pension Plan claims, the Court finds that a just reason for delay of final judgment exists since the adjudicated and unadjudicated claims are closely related.

### Miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like

Judicial economy and efficiency weighs in favor of the Court denying certification. It appears far more likely that an appeal of the Pension Plan claims' standing issue would result in duplicate litigation at the district court of nearly identical claims, with similar evidence and witnesses. Plaintiffs argue that an immediate appeal would facilitate settlement by removing doubt regarding the ultimate resolution of the Pension Plan claims. Yet, Plaintiffs' "doubt" regarding the ultimate resolution of the Pension Plan claims is no different than the doubt that remains as to any judicial decision which is subject to appeal. Plaintiffs' argument that an immediate appeal would facilitate settlement is not unique to the issues in this case. See Braswell, 2 F.3d at 1335 (reserving Rule 54(b) certification for "unusual cases").

### Conclusion

Since the adjudicated and unadjudicated claims involve similar legal issues, evidence, witnesses, and are otherwise closely related, and for reasons of judicial economy and efficiency, the Court finds that there are just reasons to delay appeal until the 401(k) Plan claims are fully adjudicated. Therefore, the Court denies Plaintiffs' motion for final judgment.

### III. MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL - 28 U.S.C. § 1292(b)

Plaintiffs also seek certification for interlocutory appeal of the Court's dismissal of the Pension Plan claims.

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if (1) the order involves a controlling question of law, (2) about which there is substantial ground for difference of opinion, and (3) immediate appeal would materially advance the termination of

the litigation. Montgomery v. Johnson, No.7:05cv131, 2008 U.S. Dist. LEXIS 104878, at *3 (W.D. Va. Dec. 30, 2008) (citing 28 U.S.C. § 1292(b)). "Such certifications are the exception and not the rule, because they depart from well-established policy limiting appeals to final judgments." Id.; see City of Charleston v. Hotels.Com, LP, 586 F. Supp. 2d 538, 542 (D.S.C. 2008) (explaining that "certification of an interlocutory appeal should generally be limited to extraordinary cases where significant effort and expense would be spared by appellate review prior to the entry of final judgment"). The Fourth Circuit has warned that Section 1292(b) should be used sparingly and that the three procedural requirements should be strictly construed. Myles v. Laffitte, 881 F.2d 125, 126 (4th Cir. 1989).

### A. Controlling Question of Law

A controlling question of law is "a narrow question of pure law whose resolution will be completely dispositive of the litigation, either as a legal or practical matter, whichever way it goes." Fannin v. CSX Transp., Inc., No. 88-8120, 1989 WL 42583, at *5 (4th Cir. April 26, 1989). Conversely, a question of law is not controlling if litigation will "necessarily continue regardless of how that question [is] decided." N.C. ex rel. Howes v. W.R. Peele Sr. Trust, 889 F. Supp. 849, 853 (E.D.N.C. 1995). Here, the issue of standing is a controlling question of law whose resolution will be dispositive of the Pension Plan claims.

### B. Substantial Ground for Difference of Opinion

To show a difference of opinion as to the standing issue, Plaintiffs cite to a dissent in an Eighth Circuit opinion as well as two amicus briefs filed in support of rehearing the Eighth Circuit case. Plaintiffs also note that this is a matter of first impression in the Fourth Circuit.

There is no precedent that demonstrates that a plan participant has standing to sue on

behalf of a defined benefit plan before the participant is entitled to receive the benefits. An argument raised in a dissent and two amicus briefs is not evidence that there is a substantial ground for difference of opinion. Moreover, "the mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate substantial ground for difference of opinion." In re Flor, 79 F.3d 281, 284 (2d Cir. 1996).

### C. Materially Advance Ultimate Termination of Litigation

Finally, Plaintiffs have not persuaded the Court that an immediate appeal is likely to promote judicial efficiency. In fact, it is more likely that an immediate appeal would delay the ultimate termination of this litigation and result in a waste of judicial resources.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' motion for final judgment is **DENIED** and Plaintiffs' motion for certification for interlocutory appeal is **DENIED** (Doc. No. 114).

Signed: October 30, 2009

Robert J. Conrad, Jr.
Chief United States District Judge