# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:07cv11

| | | |
|---|---|---|
| ELENA M. DAVID; ARLEEN J. STACH; and VICTOR M. HERNANDEZ, | ) ) ) | |
| Plaintiffs | ) ) | |
| Vs. | ) ) | ORDER |
| J. STEELE ALPHIN; AMY WOODS BRINKLEY; EDWARD J. BROWN, III; CHARLES J. COOLEY; RICHARD M. DeMARTINI; BARBARA J. DESOER; JAMES H. HANCE; LIAM E. McGEE; EUGENE M. McQUADE; ALVARO G. de MOLINA; MICHAEL E. O'NEILL; OWEN G. SHELL, JR.; R. EUGENE TAYLOR; F. WILLIAM VANDIVER, JR.; BRADFORD H. WARNER; CHARLES W. COKER; STEVEN JONES; KENNETH D. LEWIS; BANK OF AMERICA CORPORATION; BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on the plaintiffs' Motion to Seal. Particularly, plaintiffs seek permission to seal Exhibits E & F to the declaration of James A. Moore, which has been submitted in support of plaintiffs' Motion to

Compel. Defendants do not oppose the motion. For cause, the plaintiffs state only the following:

> Exhibit E is a four-page document marked "confidential" by Defendants. It purports to be a printout of an e-mail chain and was produced by Defendants as BOA-DAVID 00201197-200. It is heavily redacted, so Plaintiffs have difficulty further characterizing it with any degree of confidence. However, at least one of the parties to the e-mail appears to be a Bank of America employee, and there is discussion of a possible conflict of interest involving an investment advisor to the 401(k) Plan committee. Exhibit F is a two-page document marked "confidential" by Defendants and produced by Defendants as BOA-DAVID 05497-98. It purports to be minutes of the Bank of America Corporate Benefits Committee, discussing various matters related to various Bank of America benefit plans.

Motion, at 1-2.

The sealing of pleadings in this court is not governed by one or more parties marking them as confidential, but by case law discussing the balancing of privacy and trade secrets. First, the Protective Order envisions that a proper Motion to Seal will be filed:

> 11. If any papers to be filed with the Court include Confidential Information, the proposed filing shall be accompanied by a motion to file the papers or the portion thereof including the Confidential information (if such portion is segregable) under seal.

Protective Order (#136), at ¶ 10. A party who seeks to seal any pleading must, however, comply with Local Civil Rule 6.1 (W.D.N.C. 2009). The Local Civil Rule provides in relevant part as follows:

**LCvR 6.1       SEALED FILINGS AND PUBLIC ACCESS.**
**(A)   *Scope of Rule*.**  This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making.  As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

**(B)   *Filing Under Seal.*** No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

**(C)   *Motion to Seal or Otherwise Restrict Public Access*.** A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1.  Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:

> **(1)**   a non-confidential description of the material sought to be sealed;
>
> **(2)**   a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
>
> **(3)**   unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
>
> **(4)**   supporting statutes, case law or other authority.

* * *

**(E)   *Public Notice.***  No motion to seal or otherwise restrict public access shall be determined without reasonable public notice.  Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C).  Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under  Fed. R. Civ. P. 24.

**(F)   *Orders Sealing Documents*.**   Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C).  In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

* * *

L.Cv.R. 6.1(W.D.N.C. 2008).   Here, Rule 6.1(C)(1) has been complied with;

however, parts (2) through (4) have not been addressed. Further, the court lacks the ability to review the proposed Exhibits E and F as they have not been submitted for *in camera* review. <u>See</u> Docket Entries #152-7 and #157-8.

As reflected in the rule, the court is required to consider the factors contained in Local Civil Rule 6.1(C). The first factor is found in Local Civil Rule 6.1(C)(1), which requires that the parties adequately describe the materials sought to be sealed. The rule requires "a non-confidential description of the material sought to be sealed." L.Civ.R. 6.1(C)(1). The rule is intended to give third-parties, including the press, fair notice of the nature of the materials sought to be sealed. The description contained in the motion is adequate.

The court next considers Local Civil Rule 6.1(C)(2), which requires "a statement as to why sealing is necessary and why there are no alternatives to filing under seal." L.Cv.R. 6.1(C)(2). No such statement has been provided.

As to Local Civil Rule 6.1(C)(3), the parties have not indicated whether sealing should be permanent. While the court would agree that if the information is sensitive, the court would need to know the period of its sensitivity; counsel are advised, however, that there are no provisions for sealing matters beyond the life of the case, inasmuch as case materials must be placed

in the National Archives.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. The motion contained no citations to law or even the governing Local Civil Rule. To aid the parties, they are advised of the hallmark decision of the Court of Appeals for the Fourth Circuit in <u>Media general operations, Inc. v. Buchanan</u>, 417 F.3d 424 (4th Cir. 2005), which held as follows:

> We have held that in determining whether to seal judicial documents, a judicial officer must comply with certain procedural requirements. *Washington Post*, 807 F.2d at 390. The decision to seal documents must be made after independent review by a judicial officer, and supported by "findings and conclusions specific enough for appellate review." *Goetz*, 886 F.2d at 65-66. If a judicial officer determines that full public access is not appropriate, she "must consider alternatives to sealing the documents" which may include giving the public access to some of the documents or releasing a redacted version of the documents that are the subject of the government's motion to seal. *Goetz*, 886 F.2d at 66.

<u>Id.</u>, at 429. The proposed sealing of the exhibits in this matter, at this point, would appear to run afoul of prevailing case law as no basis for making such determination has been provided.

Having considered all of the factors provided in Local Civil Rule 6.1(C), the court will deny the Motion to Seal without prejudice.

# ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiff's Motion to Seal (#150) is **DENIED** without prejudice.

Signed: February 25, 2010

Dennis L. Howell
United States Magistrate Judge