# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### 3:07cv11

ELENA M. DAVID; ARLEEN J. STACH; and    )
VICTOR M. HERNANDEZ,    )
    )
        **Plaintiffs**    )
    )
Vs.    )      **ORDER**
    )
J. STEELE ALPHIN; AMY WOODS    )
BRINKLEY; EDWARD J. BROWN, III;    )
CHARLES J. COOLEY; RICHARD M.    )
DeMARTINI;  BARBARA J. DESOER;    )
JAMES H. HANCE; LIAM E. McGEE;    )
EUGENE M. McQUADE; ALVARO G.    )
de MOLINA; MICHAEL E. O'NEILL;    )
OWEN G. SHELL, JR.; R. EUGENE    )
TAYLOR; F. WILLIAM VANDIVER, JR.;    )
BRADFORD H. WARNER; CHARLES W.    )
COKER; STEVEN JONES; KENNETH D.    )
LEWIS; BANK OF AMERICA    )
CORPORATION; BANK OF AMERICA    )
CORPORATION CORPORATE    )
BENEFITS COMMITTEE,    )
    )
        **Defendants.**    )
_____  )

**THIS MATTER** is before the court on the plaintiffs'

"Renewed Motion for Leave to File Under Seal Two Exhibits to "The
Declaration of James A. Moore in Support of Plaintiffs' Motion to
Compel production of Documents Pursuant to Their First and Second
Requests for Production of Documents Directed to All Defendants."

Docket Entry #154.Local Civil Rule 6.1 (W.D.N.C. 2009).  The Local Civil Rule

provides in relevant part as follows:

### LCvR 6.1        SEALED FILINGS AND PUBLIC ACCESS.

**(A)    *Scope of Rule*.**  This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making.  As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

**(B)    *Filing Under Seal.***  No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

**(C)    *Motion to Seal or Otherwise Restrict Public Access*.**  A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1.  Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:

> **(1)**    a non-confidential description of the material sought to be sealed;
>
> **(2)**    a statement as to why sealing is necessary and why there are no alternatives to filing under seal;
>
> **(3)**    unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and
>
> **(4)**    supporting statutes, case law or other authority.

* * *

**(E)    *Public Notice.***  No motion to seal or otherwise restrict public access shall be determined without reasonable public notice.  Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C).  Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under  Fed. R. Civ. P. 24.

**(F)    *Orders Sealing Documents*.**  Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in

[LCvR 6.1(C)](#).  In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

* * *

L.Cv.R. 6.1(W.D.N.C. 2008).  Here, Rule 6.1(C)(1) was earlier complied with, leaving a determination of whether these documents should be sealed under parts (2) through (4), each of which will be addressed *seriatim*.

**A statement as to why sealing is necessary and why there are no alternatives to filing under seal.**

In compliance with such requirement, plaintiffs have stated that sealing such document is necessary because the documents reflect defendants' internal decision-making process.    Such statement complies with L.Cv.R. 6.1(C)(2).

**Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing.**

In the motion, plaintiff seeks permanent sealing.  The court has been informed by the Clerk of this court that permanent sealing of the record is not possible in that all documents will eventually be sent to the National Archives, where nothing may be permanently sealed.  To that end, the court will seal these pleadings throughout the pendency of this action and grant the parties leave to move that the Clerk of court strike all sealed pleadings after the case is terminated.

**Supporting statutes, case law or other authority**.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the

parties to provide citations of law supporting the relief they seek.  The motion

contains citations to <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 252-53

(4th Cir. 1988) and <u>Pittston Co. v. United States</u>, 368 F.3d 385, 406 (4th Cir. 2004).  In

determining whether documents should be sealed, review  review starts with the

general proposition that

> the courts of this country recognize a general right to inspect and copy
> public records and documents, including judicial records and documents.

<u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 597 (1978).   In the interests

of justice, however, "[e]very court has supervisory power over its own records and

files, and access has been denied where court files might have become a vehicle for

improper purposes."  <u>Id.</u>  The Court held that "courts have refused to permit their

[public] files to serve as .... sources of business information that might harm a

litigant's competitive standing." <u>Id.</u>  The Supreme Court further observed that "the

decision as to access is one best left to the sound discretion of the trial court." <u>Id.</u>  The

presumption of access to judicial records "can be rebutted if countervailing interests

heavily outweigh the public interests in access." <u>Rushford</u>, <u>supra</u>, at 253.  "The party

seeking to overcome the presumption bears the burden of showing some significant

interest that outweighs the presumption."  <u>Id.</u>, at 253.

    In this case, plaintiff has shown that such documents, which include internal e-

mails, may reflect the decision making process of defendants, which would not only

open it up to scrutiny unrelated to the allegations in this case, but expose business practices to its competitors. The court takes notice that defendants are engaged in a highly competitive marketplace.

The court can see almost no legitimate public interest in making such documents available and that no realistic alternative exists to sealing such pleadings. Having weighed the competing interests, including whether the documents are sought for an improper purpose (i.e. to gain an unfair business advantage), and whether less drastic alternatives to sealing would suffice, and it appearing that the Local Civil Rules have been fully complied with, the court will allow the motion. <u>Virginia Dept. of State Police v. Washington Post</u>, 386 F.3d 567, 576 (4th Cir. 2004). <u>See also</u> <u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424 (4th Cir. 2005).

## ORDER

**IT IS, THEREFORE, ORDERED** that the plaintiffs'

"Renewed Motion for Leave to File Under Seal Two Exhibits to "The Declaration of James A. Moore in Support of Plaintiffs' Motion to Compel production of Documents Pursuant to Their First and Second Requests for Production of Documents Directed to All Defendants" (#154)

is **GRANTED** and plaintiffs are granted leave to file such exhibits under Seal. Such seal shall remain in effect throughout the pendency of this litigation, and any appeal

thereof, and the parties are **GRANTED** further leave to move the Clerk of this court

to strike all sealed documents after the termination of this action.


Signed: March 16, 2010

Dennis L. Howell
United States Magistrate Judge