IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv11

| | | |
|---|---|---|
| ELENA M. DAVID; ARLEEN J. STACH; and VICTOR M. HERNANDEZ, | ) ) ) | |
| Plaintiffs | ) ) | |
| Vs. | ) ) | ORDER |
| J. STEELE ALPHIN; AMY WOODS BRINKLEY; EDWARD J. BROWN, III; CHARLES J. COOLEY; RICHARD M. DeMARTINI; BARBARA J. DeSOER; JAMES H. HANCE; LIAM E. McGEE; EUGENE M. McQUADE; ALVARO G. de MOLINA; MICHAEL E. O'NEILL; OWEN G. SHELL, JR.; R. EUGENE TAYLOR; F. WILLIAM VANDIVER, JR.; BRADFORD H. WARNER; CHARLES W. COKER; STEVEN JONES; KENNETH D. LEWIS; BANK OF AMERICA CORPORATION; BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** is before the court on defendants'' Motion for Leave to File Under Seal. Local Civil Rule 6.1 (W.D.N.C. 2009) provides in relevant part as follows:

**LCvR 6.1**          **SEALED FILINGS AND PUBLIC ACCESS.**

**(A)** *Scope of Rule*. This rule shall govern any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court or utilized in connection with judicial decision-making. As used in this rule, "materials" shall include pleadings as well as documents of any nature and in any medium.

**(B)** *Filing Under Seal.* No materials may be filed under seal except by Order of the Court, pursuant to a statute, or in accordance with a previously entered Rule 26(e) Protective Order.

**(C)** *Motion to Seal or Otherwise Restrict Public Access*. A request by a party to file materials under seal shall be made by formal motion pursuant to LCvR 7.1. Such motion shall be filed electronically under the designation "Motion to Seal." The motion or supporting brief shall set forth:

    **(1)** a non-confidential description of the material sought to be sealed;

    **(2)** a statement as to why sealing is necessary and why there are no alternatives to filing under seal;

    **(3)** unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing; and

    **(4)** supporting statutes, case law or other authority.

* * *

**(E)** *Public Notice.* No motion to seal or otherwise restrict public access shall be determined without reasonable public notice. Notice shall be deemed reasonable where a motion is filed in accordance with the provisions of LCvR 6.1(C). Other parties, interveners, and non-parties may file objections and briefs in opposition or support of the motion within the time provided by LCvR 7.1 and may move to intervene under Fed. R. Civ. P. 24.

**(F)** *Orders Sealing Documents.* Orders sealing or otherwise restricting access shall reflect consideration of the factors set forth in LCvR 6.1(C). In the discretion of the Court, such orders may be filed electronically or conventionally and may be redacted.

* * *

L.Cv.R. 6.1(W.D.N.C. 2008). Rule 6.1(C)(1) has been fully complied with, leaving

for determination by this court the issues of whether these documents should be sealed

under parts (2) through (4), each of which will be addressed *seriatim*.

> **(2) A statement as to why sealing is necessary and why there are no alternatives to filing under seal.**

In compliance with such requirement, defendants have stated that sealing such documents is necessary because the documents reflect, among other things, defendants' internal decision-making process. Such statement complies with L.Cv.R. 6.1(C)(2).

> **(3) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the material maintained under seal and as to how the matter is to be handled upon unsealing**.

In the motion, defendant seeks permanent sealing. The court has been informed by the Clerk of this court that permanent sealing of the record is not possible in that all documents will eventually be sent to the National Archives, where nothing may be permanently sealed. To that end, the court will seal these pleadings throughout the pendency of this action and grant the parties leave to move that the Clerk of court strike all sealed pleadings after the case is terminated.

> **(4) Supporting statutes, case law or other authority**.

Finally, the court has considered Local Civil Rule 6.1(C)(4), which requires the parties to provide citations of law supporting the relief they seek. The motion contains citations to <u>Rushford v. New Yorker Magazine, Inc.</u>, 846 F.2d 249, 252-53 (4th Cir. 1988) and <u>Pittston Co. v. United States</u>, 368 F.3d 385, 406 (4th Cir. 2004). In

determining whether documents should be sealed, review starts with the general proposition that

> the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents.

Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). In the interests of justice, however, "[e]very court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Id. The Court held that "courts have refused to permit their [public] files to serve as .... sources of business information that might harm a litigant's competitive standing." Id. The Supreme Court further observed that "the decision as to access is one best left to the sound discretion of the trial court." Id. The presumption of access to judicial records "can be rebutted if countervailing interests heavily outweigh the public interests in access." Rushford, supra, at 253. "The party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." Id., at 253.

In this case, defendants have shown that such documents, which include documents that could reveal defendants' internal decision making process and other business practices in a highly competitive industry, would not only open it up to scrutiny unrelated to the allegations in this case, but expose business practices to its competitors.

The court can see almost no legitimate public interest in making such documents available and that no realistic alternative exists to sealing such pleadings. Having weighed the competing interests, including whether the documents are sought for an improper purpose (i.e. to gain an unfair business advantage), and whether less drastic alternatives to sealing would suffice, and it appearing that the Local Civil Rules have been fully complied with, the court will allow the motion. <u>Virginia Dept. of State Police v. Washington Post</u>, 386 F.3d 567, 576 (4th Cir. 2004). <u>See</u> <u>also</u> <u>Media General Operations, Inc. v. Buchanan</u>, 417 F.3d 424 (4th Cir. 2005).

Finally, the court notes that entry of this Order may be premature in that the time for the public to object has not run. The court will allow early relief inasmuch as the documents sought to be filed are pertinent to another pending motion on which the time clock has already begun to run. The public objection period shall remain open and the court will reconsider this Order upon properly filed objection without requiring any higher standard for review.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the defendants' Motion for Leave to

File Under Seal (#187) is **GRANTED** and defendants are granted leave to file such unredacted opposing brief and specified exhibits under Seal.  Such seal shall remain in effect throughout the pendency of this litigation, and any appeal thereof, and the parties are **GRANTED** further leave to move the Clerk of this court to strike all sealed documents after the termination of this action.

Signed: September 3, 2010

Dennis L. Howell
United States Magistrate Judge