# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:07cv11

| | | |
|---|---|---|
| ELENA M. DAVID; ARLEEN J. STACH; and VICTOR M. HERNANDEZ, | ) ) ) | |
| Plaintiffs | ) ) | |
| Vs. | ) ) | ORDER |
| J. STEELE ALPHIN; AMY WOODS BRINKLEY; EDWARD J. BROWN, III; CHARLES J. COOLEY; RICHARD M. DeMARTINI; BARBARA J. DESOER; JAMES H. HANCE; LIAM E. McGEE; EUGENE M. McQUADE; ALVARO G. de MOLINA; MICHAEL E. O'NEILL; OWEN G. SHELL, JR.; R. EUGENE TAYLOR; F. WILLIAM VANDIVER, JR.; BRADFORD H. WARNER; CHARLES W. COKER; STEVEN JONES; KENNETH D. LEWIS; BANK OF AMERICA CORPORATION; BANK OF AMERICA CORPORATION CORPORATE BENEFITS COMMITTEE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the court on plaintiffs' Motion to Compel

Production of Documents Pursuant to Their Fourth Request for Production of

Documents to All Defendants (#178). Having considered plaintiffs' motion and

reviewed the pleadings, including defendants' response and plaintiff's reply, the court

enters the following discussion and Order compelling such production.

Plaintiffs allege that defendants are fiduciaries with respect to the Bank of America 401(k) Plan (the "Plan"), and that they breached their duties under ERISA by causing the Plan to invest in mutual funds with high investment management fees and inferior returns, which were managed by affiliates of the Plan's sponsor, Bank of America Corporation. Plaintiffs move to compel, pursuant to Fed. R. Civ. P. 37, the production of a Risk Analysis Report and related documents ("Risk Report Documents") related to investment funds selected by the Plan's fiduciaries for the Plan.[1] In their Request for Production 48 (contained in Plaintiffs' Fourth Request for Production of Documents), plaintiffs specifically sought this type of report. Defendants claim the documents are protected from discovery by the attorney-client privilege and work product doctrine. Plaintiff is already in possession of the disputed documents, but such are subject to a recall by defendants. Discovery is currently limited to matters pertaining to Defendants' Motion for Summary Judgment on Statute of Limitations Grounds.(#166)

In moving to compel, plaintiffs contend that the documents are not privileged

---

[1] While plaintiffs have redacted even the names of these documents in its public filing, cogent discussion of the instant motion can not be accomplished without, at a minimum, naming the documents. Although the contents of such documents may contain proprietary business information, the captions do not as the court assumes that all major Plans generate similar documents. The court notes that plaintiffs, in the redacted brief, later do not redact the name of the documents.

and that they relate to matters raised in defendants' Motion for Summary Judgment (#166), which is now pending before the district court. Plaintiffs contend that the documents sought, which appear to have been generated in and around 1999, may well be probative on the issue of whether plaintiffs' action is timely under the statutory exception for fraud or concealment under ERISA.[2]

Plaintiffs contend that in response to an April 2000 announcement by the Benefits Committee, a participant in the Plan, David G. Mackenzie, questioned whether the Plan's decision to purchase proprietary mutual funds, which purportedly provided income to the Plan sponsor, was consistent with fiduciary obligations. Plaintiffs contend that in response to such inquiry, Mr. Mackenzie received two letters from the Plan's in-house benefits counsel, who purportedly made "questionable representations" regarding the selection process and applicable law. Memorandum in Support, at p. 4. Plaintiffs contend that the documents are, therefore, relevant to defendants' statute of limitations defense as they are a source of evidence of concealment of fiduciary misconduct.

The Risk Analysis Report and related documents are clearly relevant to whether in-house benefits counsel concealed from Mr. Mackenzie, and other Plan participants,

---

[2]     ERISA provides an exception to the six- and three-year limitations periods: "in the case of fraud or concealment, [an] action may be commenced not later than six years after the date of discovery of such breach or violation." ERISA §413, 29 U.S.C. §1113.

alleged fiduciary breaches in connection with the selection of proprietary funds for the

Plan.

      With that background, the court has first considered whether such documents

are protected by the attorney-client privilege as defendants argue.  The attorney-client

privilege applies only if:

   (1)    the asserted holder of privilege is or has sought to become a client;
   (2)    the person to whom communication was made:
       (a)    is member of the bar or a subordinate of a member; and
       (b)    in connection with this communication is acting as a lawyer;
   (3)    the communication relates to a fact of which the attorney was informed:
       (a)    by his client;
       (b)    without presence of strangers;
       (c)    for the purpose of securing primarily either:
           (i)    opinion on law;
           (ii)    legal services; or
           (iii)    assistance in some legal proceeding; and not;
       (d)    for the purpose of committing a crime or tort; and
   (4) the privilege has been:
       (a) claimed; and
       (b) not waived by the client.

Hawkins v. Stables, 148 F.3d 379 (4th Cir. 1998).[3]  Review of the response filed by

defendants reveals that they have shown that the documents do contain information

---

    [3]    In Hickman v. Taylor, 329 U.S. 495 (1947), the Supreme Court determined that material which is prepared "in anticipation of litigation" is protected from discovery.  Id.,at 508-10. As far as any assertion of a work-product privilege, it is clear from a review of the record that such documents, while certainly having their genesis in ongoing litigation against another bank's Plan, were not created in anticipation of litigation as there was no litigation pending or even on the horizon.  Indeed, it appears that such documents were generated in the ordinary course of business, which, for a Plan, must certainly entail determining whether purchases of assets are in the best interest of the participants as well as whether such purchases are lawful.

concerning "settlor functions," which is privileged.  The court will order such material

redacted.  Beyond such privileged material, the court cannot find that the documents

are otherwise subject to the attorney-client privilege.  Neither the privilege log nor the

response satisfies defendants' burden of proving such documents are privileged, and

no evidence has been submitted identifying the lawyer who purportedly prepared the

documents.

Finally, the court finds that even if a showing were made under Hawkins, the

"fiduciary exception" to the attorney-client privilege would require that such

documents be produced. An ERISA plan fiduciary may not assert the attorney-client

and work product privileges against plan participants on matters of plan

administration, including investment of plan assets.  After close review of all the

materials presented, the court finds that the documents sought to be compelled are

documents concerning plan administration and investment of plan assets.  While the

Court of Appeals for the Fourth Circuit has yet to consider the fiduciary exception to

the attorney-client privilege, all district courts in this circuit that have addressed the

issue have recognized the fiduciary exception in the ERISA context. Coffman v.

Metropolitan Life Ins. Co., 204 F.R.D. 296, (S.D.W.Va. 2001); Tatum v. R.J.

Reynolds Tobacco Co., 247 F.R.D. 488 (M.D.N.C. 2008); Fortier v. Principal Life Ins.

Co., 2008 WL 2323918 (E.D.N.C. 2008).

Finding that no privilege applies to the documents plaintiffs seek to compel, and that the fiduciary exception would otherwise apply, the court will compel the production of such documents, redacted as to any settlor information.

**ORDER**

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motion to Compel Production of Documents Pursuant to Their Fourth Request for Production of Documents to All Defendants (#178) is **GRANTED,** and defendants are **COMPELLED** to produce such documents, redacted as to any settlor information, with seven days.

Signed: September 17, 2010

Dennis L. Howell
United States Magistrate Judge